UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
                    -v-                                     :     12-CR-537 (JPO)
                                                            :
JOSEPH FALU,                                                :     OPINION AND ORDER
                                                            :
                            Defendant.                      :
-------------------------------------------------------- X

J. PAUL OETKEN, District Judge:

On April 17, 2013, Joseph Falu pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (Dkt. No. 27.) This Court imposed the applicable mandatory minimum sentence of 60 months' imprisonment pursuant to 21 U.S.C. § 841(b)(1). (Dkt. No. 27.) Falu now moves for a sentence reduction. (Dkt. No. 28.)

Effective November 1, 2014, the United States Sentencing Commission ("Sentencing Commission") amended the United States Sentencing Commission Guidelines Manual ("sentencing guidelines") to lower the guideline sentence range for a number of drug offenses. *See* 79 Fed. Reg. 44973, 44973 (2014). The Sentencing Commission authorized retroactive application of the amendment to the drug guidelines. *Id.*

Under 18 U.S.C. § 3582(c)(2), a district court may reduce the term of imprisonment for a defendant who was sentenced based on a guideline that the Sentencing Commission has subsequently lowered. To be eligible for such a reduction, the defendant must have been sentenced based on the guidelines. *U.S. v. Sanchez*, 99 F. Supp. 3d 457, 460 (S.D.N.Y. 2015) ("Section 3852(c)(2) requires as a threshold matter that [the defendant's] sentence be 'based on a sentencing range that has subsequently been lowered.'" (quoting 18 U.S.C,. § 3582(c)(2))).

1

Falu's sentence was not based on a guideline that the Sentencing Commission has lowered, but instead, was based on a statutory mandatory minimum sentence. Accordingly, the Court is not authorized to make a further sentence reduction. *Id.* at 460; *see also United States v. Torres*, 391 F. App'x 903, 905 (2d Cir. 2010); *United States v. Williams*, 551 F.3d 182, 185 (2d Cir. 2009) ("Once the mandatory minimum applied, [the defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" (quoting 18 U.S.C,. § 3582(c)(2))).

The motion for a sentence reduction is therefore DENIED.

The Clerk of the Court is directed to terminate the motions at Docket Number 28.

SO ORDERED.

Dated: March 29, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

COPY MAILED TO PRO SE PARTY BY CHAMBERS