UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | 12-CR-537 (JPO) |
| -v- | 20-MJ-1001 (UA) |
| JOSEPH FALU, | ORDER |
| Defendant. | |

J. PAUL OETKEN, District Judge:

Defendant Joseph Falu is before the Court in two parallel proceedings in this District:  a violation of supervised release in a prior criminal case, No. 12-CR-537 ("VOSR"); and a new criminal case, No. 20-MJ-1001, in which he is charged by complaint with being a felon in possession of ammunition.  At Defendant's request, this Court ordered the matters consolidated for purposes of Defendant's anticipated bail motion.  (*See* Dkt. No. 39.)[1]

On April 9, 2020, Defendant filed a motion for bail in both cases, arguing that the COVID-19 pandemic poses a health risk to Defendant in confinement and denies him meaningful access to counsel.  (Dkt. No. 40.)  On April 13, 2020, the Government filed a letter opposing Defendant's request for bail.  (Dkt. No. 41.)  Defendant filed a reply letter on April 14, 2020.  (Dkt. No. 42.)

The parties agree that bail in connection with the VOSR proceeding is subject to the standard of 18 U.S.C. § 3143(a)(1), which is more demanding than the bail provision governing the new charge, § 3142.  The Court therefore applies the former standard in determining whether Defendant's release on bail is warranted.  Section 3143(a)(1) provides that the defendant "shall" be detained "unless the judicial officer finds by clear and convincing evidence that the person is

_____

[1] Docket numbers refer to docket entries in Case No. 12-CR-537.

not likely to flee or pose a danger to the safety of any other person or the community if released."
A defendant may be released, however, "if it is clearly shown that that there are exceptional
reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).  The test
is "necessarily a flexible one, and district courts have wide latitude to determine whether a
particular set of circumstances qualifies as 'exceptional.'"  *United States v. Lea*, 360 F.3d 401,
403–04 (2d Cir. 2004).

As Defendant persuasively argues, the COVID-19 pandemic presents an extraordinary
situation, particularly with respect to prison and jail populations.  "[I]nmates may be at a
heightened risk of contracting COVID-19 should an outbreak develop."  *United States v.
Stephens*, No. 15-CR-95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020).  Because
Defendant suffers from asthma, he faces a greater health risk from the coronavirus infection.
(*See* Dkt. No. 40 at 2.)

In assessing whether there are "exceptional reasons" making detention not "appropriate"
in a particular case, however, it is essential to consider whether the defendant poses a danger to
society.  Here, the Court finds that Defendant poses a significant danger to the community,
substantially for the reasons stated by the Government.  The evidence shows that in January
2020 — less than three months ago — Defendant shot a firearm, striking two victims.  This was
while he was on supervised release for his 2012 federal drug case, following another conviction
for escape from federal custody.  He has seventeen adult convictions, including violent assaults.
The Court finds that his release would present a significant danger to the community.  "Simply
put, the danger to the community presented by [Defendant's] release outweighs, substantially,
the danger to himself presented by his incarceration . . . ."  *United States v. Chambers*, No.

2

20-CR-135, 2020 WL 1530746, at *1 (quoting *United States v. Conley*, No. 19-CR-131, ECF

No. 366, at 2–3 (S.D.N.Y. Mar. 31, 2020)).

      Accordingly, Defendant's motion for release on bail is denied.

      The Clerk of Court is directed to close the motions at Docket Numbers 40 and 42 in Case

No. 12-CR-537.

      SO ORDERED.

Dated: April 17, 2020
     New York, New York

                            J. PAUL OETKEN
                    United States District Judge